KC FILED
NOV 1 6 2007
11-16-07
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PETER CANGELOSI, as Special Administrator of the Estate of CONCETTA CANGELOSI, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> M3 CAPITAL PARTNERS, a foreign corporation, formerly d/b/a MACQUARIE CAPITAL PARTNERS, a foreign corporation, in part successor to SUNRISE ASSISTED LIVING, INC., a foreign corporation both d/b/a SUNRISE NURSING HOMES a/k/a CHURCH CREEK NURSING HOME (a locally assumed name) and SUNRISE SENIOR LIVING, INC., a foreign corporation and SUNRISE ASSISTED LIVING INC., both d/b/a SUNRISE NURSING HOMES a/k/a CHURCH CREEK NURSING HOMES, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> **07CV6500** <br> **JUDGE KENNELLY** <br> **MAGISTRATE JUDGE VALDEZ** |

## NOTICE OF FILING

TO:   Mr. Lee Phillip Forman, Lee Phillip Forman, LTD, 1301 W. 22nd Street, Oak Brook, Illinois, 60523

PLEASE TAKE NOTICE that on the __16th__ day of __November__, 2007, we have filed with the United States District Court for the Northern District of Illinois, Eastern Division, *Defendants' Notice of Removal, Appearance,* and *Answer,* copies of which are hereby served upon you.

_____
Robert E. Sidkey

PRETZEL & STOUFFER, CHARTERED
One S. Wacker Drive
Suite 2500
Chicago, IL 60606
Telephone:   (312) 578-7489
Fax:         (312) 346-8242
rsidkey@pretzel-stouffer.com
*Attorney for Defendants*

## CERTIFICATE OF SERVICE BY MAIL

The undersigned on oath affirm that the above-listed attorney of record has been provided a copy of the Notice of Filing by enclosing a copy of same in an envelope, sealed, postage prepaid, and depositing same in the United States Mail Chute at One South Wacker Drive, Chicago, Illinois 60606-4673, on November 16, 2007.

_____
Signature

KC FILED
NOV 1 6 2007
11-16-07
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PETER CANGELOSI, as Special Administrator of the Estate of CONCETTA CANGELOSI, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>M3 CAPITAL PARTNERS, a foreign corporation, formerly d/b/a MACQUARIE CAPITAL PARTNERS, a foreign corporation, in part successor to SUNRISE ASSISTED LIVING, INC., a foreign corporation both d/b/a SUNRISE NURSING HOMES a/k/a CHURCH CREEK NURSING HOME (a locally assumed name) and SUNRISE SENIOR LIVING, INC., a foreign corporation and SUNRISE ASSISTED LIVING INC., both d/b/a SUNRISE NURSING HOMES a/k/a CHURCH CREEK NURSING HOMES,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>07CV6500<br>)  JUDGE KENNELLY<br>)  MAGISTRATE JUDGE VALDEZ<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

**NOW COME**, the Defendants, SUNRISE ASSISTED LIVING, INC., and SUNRISE SENIOR LIVING, INC., by and through their attorneys, PRETZEL & STOUFFER, CHARTERED, and hereby remove this civil action being case number 07 L 010791 from the Circuit Court of the State of Illinois, Cook County, Law Division to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 USC §1441 and 1332. In support thereof, the Defendants state as follows:

1. This action was commenced against the named Defendants in the Circuit Court of Cook County, County Department, Law Division, State of Illinois on October 12, 2007. A copy of the Complaint was served upon the Defendant, Sunrise Senior Living, Inc., on October 18, 2007. This

notice is filed within 30 days after service of the Complaint upon this Defendant.

2. At the time the action was commenced, the special administrator, PETER CANGELOSI, was a citizen of the State of Illinois. Defendant, Sunrise Senior Living, Inc., was a corporation organized and existing under the laws of the state of Delaware. The Defendant has its principal place of business in the state of Virginia. The Defendant, SUNRISE ASSISTED LIVING, INC., was a corporation organized and existing under the laws of the state of Delaware. This Defendant has its principal place of business in the state of Virginia. The Defendant, M3 CAPITAL PARTNERS, LLC, incorrectly sued as M3 CAPITAL PARTNERS, is a Delaware limited liability company. None of its members are citizens of Illinois.

3. The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff is alleging that the alleged negligence of the Defendants caused the death of CONCETTA CANGELOSI. Prior to her death, Plaintiff is alleging that CONCETTA CANGELOSI was injured and required medical care and treatment. Based on this information, there is a good faith basis to assert that the amount in controversy exceeds the jurisdictional amount.

4. This action is a civil one of which the United States District Courts have original jurisdiction under 28 USC §1332. This Notice of Removal is filed in the United States District Court for the Northern District of Illinois, Eastern Division, which is the district and division in which the State action is pending.

5. The Defendants has attached to this Notice copies of process and pleadings that have been served upon it.

**WHEREFORE**, the Defendants, SUNRISE SENIOR LIVING, INC., and SUNRISE ASSISTED LIVING, INC., by and through their attorneys, PRETZEL & STOUFFER, CHARTERED, pray that this cause be removed to the United States District Court for the Northern District of Illinois.

Respectfully submitted,

PRETZEL & STOUFFER, CHARTERED

By: _____
Robert E. Sidkey

PRETZEL & STOUFFER, CHARTERED
One S. Wacker Drive
Suite 2500
Chicago, IL 60606
rsidkey@pretzel-stouffer.com
*Attorney for Defendants*

3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PETER CANGELOSI, as Special Administrator of the Estate of CONCETTA CANGELOSI, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> M3 CAPITAL PARTNERS, a foreign corporation, formerly d/b/a MACQUARIE CAPITAL PARTNERS, a foreign corporation, in part successor to SUNRISE ASSISTED LIVING, INC., a foreign corporation both d/b/a SUNRISE NURSING HOMES a/k/a CHURCH CREEK NURSING HOME (a locally assumed name) and SUNRISE SENIOR LIVING, INC., a foreign corporation and SUNRISE ASSISTED LIVING INC., both d/b/a SUNRISE NURSING HOMES a/k/a CHURCH CREEK NURSING HOMES, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## ATTESTATION

I, Robert E. Sidkey, Esq, being first duly sworn on oath, deposes and states as follows:

1. He is the attorney for the defendants, SUNRISE SENIOR LIVING INC., and SUNRISE ASSISTED LIVING INC., in this cause.

2. He has prepared and read the Notice of Removal filed in this cause and has personal knowledge of the facts and matters contained in it; and

3. The facts and allegations contained in the Notice of Removal are true and correct to the best of his knowledge.

Respectfully submitted,

PRETZEL & STOUFFER, CHARTERED

By: _____
Robert E. Sidkey

SUBSCRIBED and SWORN to
before me on this __16th__ day of
____November____, 2007.

_____
NOTARY PUBLIC

```
OFFICIAL SEAL
CONNIE MCLEAN
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 2-2-2011
```

23777

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

PETER CANGELOSI as Special )
Administrator of the Estate of CONCETTA CANGELOSI )
Deceased )
         Plaintiff, )   2007L010794
          )   CALENDAR/ROOM Y
          )   TIME 00:00
   Vs. )   PI Other
M3 CAPITAL PARTNERS, a foreign Corporation, )   Case No:
formerly d/b/a MACQUARIE CAPITAL PARTNERS, a )
foreign corporation, in part successor to SUNRISE )
ASSISTED LIVING INC. a foreign Corporation )
and SUNRISE SENIOR LIVING INC. a foreign )
Corporation both d/b/a SUNRISE NURSING HOMES )
a/k/a CHURCH CREEK NURSING HOME (a locally )
assumed name) and SUNRISE SENIOR LIVING INC. )
a foreign Corporation and SUNRISE ASSISTED )
LIVINGInc. both d/b/a SUNRISE NURSING HOMES )
a/k/a CHURCH CREEK NURSING HOME )

## COMPLAINT AT LAW

### COUNT I

COMES NOW the Plaintiff, PETER CANGELOSI AS SPECIAL ADMINISTRATOR OF THE ESTATE OF CONCETTA CANGELOSI, DECEASED, by and through his attorney, LEE PHILLIP FORMAN, LTD., and complaining of the Defendants, M3 CAPITAL PARTNERS, a foreign Corporation, formerly d/b/a MACQUARIE CAPITAL PARTNERS, a foreign corporation, in part successor to SUNRISE ASSISTED LIVING INC. a foreign Corporation and SUNRISE SENIOR LIVING INC. a foreign corporation both d/b/a SUNRISE NURSING HOMES a/k/a CHURCH CREEK NURSING HOME (a locally assumed name) and SUNRISE SENIOR LIVING INC.a foreign Corporation and SUNRISE ASSISTED LIVING Inc. both d/b/a SUNRISE NURSING HOMES a/k/a CHURCH CREEK NURSING HOME and states as follows:



EXHIBIT A

through their duly authorized agents, servants and employees, possessing the minimal degree of skill necessary to perform the above functions.

3. That on or before February 5, 2007 the Plaintiff's Decedent, CONCETTA CANGELOSI, then a senior citizen over the age of 90 suffering from congestive heart failure, coronary artery disease, obesity, and osteoporosis, some incontinence, bowel difficulties including diarrhea and other disabilities placed herself into the in home care of the Defendant collectively known herein as CHURCH CREEK NURSING HOME a facility in Arlington Heights County of Cook and State of Illinois.

4. That on or between November 6, 2006 and February 5, 2007 the Plaintiff's decedent did not have any active ongoing decubitus wounds on her backside but did have some small areas of redness.

5. That by February 5, 2007 the Plaintiff's decedent developed a severe decubitus on her back side which in time thereafter developed from a Stage 1 to a Stage IV decubitus which necessitated major medical care to attempt to cure her.

6. That on or about June 27, 2007 she was required to wear braces on her feet which then and there served as an additional pressure causing pressure ulcers to form on her heels.

7. That at all times mentioned herein it was the duty of the Defendants (collectively referred to as CHURCH CREEK NURSING HOME) by and through it's various nurses, doctors, and home health care providers under both 210 ILCS 45/3-601 to insure that no intentional or negligent acts of their agents or employees would cause injury to the Plaintiff's decedent.

8. Further, under and pursuant to 42 C.F.R. Section 483.25 © the Defendant at all times herein owed a duty to the Plaintiff's decedent, to insure that the Plaintiff's decedent who was a resident at Defendant's facility in November

2006 without pressure sores did not develop pressure sores on her buttocks or heels and further owed a duty to insure that Plaintiff's decedent was given the necessary treatment and services to promote the healing and prevent infection and prevent new sores from developing from any apparent redness at the time of admission.

9. That notwithstanding the duties aforementioned, the Defendant by and through its agents and employees were guilty of one or more the aforementioned acts of negligence or omission: to wit:

   a. Carelessly and negligently failed to provide the Plaintiff's decedent with the necessary cushions, pads and mattresses necessary to prevent decubitus when they knew or should have known that the Plaintiff's decedent was incontinent and had diarrhea.
   b. Carelessly and negligently failed to turn the plaintiff's decedent or move her seated position every two hours consistent with 42 C.F.R. Section 483
   c. Carelessly and negligently failed to notice pressure sores timely and treat them with good sound medical care to prevent them from becoming progressively worse.
   d. Carelessly and negligently failed to prevent Plaintiff's decedent from developing Decubitus lesions.
   e. Carelessly and negligently failed to prevent developing decubitus lesions from spreading or becoming worse.
   f. Carelessly and negligently failed to perform comprehensive assessments, skin assessments and medically review Plaintiff's decedent's decubitus problem.
   g. Was otherwise careless and negligent in the care and treatment of Plaintiff's decedent.

10. That as a direct and proximate result of one or more of the aforesaid unskillful and negligent acts of the defendant acting by and through their agents, and employees, the decedent's condition of ill-being became worse and as a result of which she suffered a crater like decubitus lesion on her backside and heels which required medical intervention to close and she did have conscious pain and suffering and did have a disability and a great disfigurement and was

caused to expend certain amounts of money for medical, hospital and surgical care to be cured of her ills. Plaintiff's decedent was likewise caused to miss those activities such as visits with her family and friends during her illness.

11. Plaintiff's Decedent died of other causes and therefore PETER CANGELOSI was duly appointed Special Administrator of the Estate of Concetta Cangelosi and brings this survival action within two years of the date of injury pursuant to 735 ILCS 5/13-209 (a) as she leaves surviving her, two adult children, PETER and VINGENE.

WHEREFORE, Plaintiff, PETER CANGELOSI, Special Administrator for the Estate of CONCETTA CANGELOSI deceased, prays for judgment against the Defendants M3 CAPITAL PARTNERS, a foreign Corporation, formerly d/b/a MACQUARIE CAPITAL PARTNERS, a foreign corporation, as part successor to SUNRISE SENIOR LIVING INC. a foreign Corporation and SUNRISE ASSISTED LIVING INC. d/b/a SUNRISE NURSING HOMES a/k/a CHURCH CREEK NURSING HOME and SUNRISE SENIOR LIVING INC. a foreign Corporation and SUNRISE ASSISTED LIVING INC. d/b/a SUNRISE NURSING HOMES a/k/a CHURCH CREEK NURSING HOME in an amount in excess of the minimal jurisdictional limits in this court and for such other and just compensation as this court may deem equitable plus interest and costs of this suit.

COUNT II

COMES NOW the Plaintiff, PETER CANGELOSI AS SPECIAL ADMINISTRATOR OF THE ESTATE OF CONCETTA CANGELOSI, DECEASED, by and through his attorney, LEE PHILLIP FORMAN, LTD., and complaining of the Defendants, M3 CAPITAL PARTNERS, a foreign Corporation, formerly d/b/a

MACQUARIE CAPITAL PARTNERS, a foreign corporation, in part successor to SUNRISE ASSISTED LIVING INC. a foreign Corporation and SUNRISE SENIOR LIVING INC. a foreign corporation both d/b/a SUNRISE NURSING HOMES a/k/a CHURCH CREEK NURSING HOME (a locally assumed name) and SUNRISE SENIOR LIVING INC. a foreign Corporation and SUNRISE ASSISTED LIVING Inc. both d/b/a SUNRISE NURSING HOMES a/k/a CHURCH CREEK NURSING HOME and states as follows:

1. That at all times hereinafter mentioned the Defendant M3 CAPITAL PARTNERS was a foreign corporation, licensed to and doing business in the State of Illinois, County of Cook and formerly known as MACQUARIE CAPITAL PARTNERS a foreign corporation which on or about May 2003 purchased 90% of the outstanding shares of SUNRISE SENIOR LIVING INC'S interest in 28 assisted living centers including, one of which, on information and belief, was commonly known as CHURCH CREEK NURSING HOME at 1200 West Central Road, Arlington Heights Road, Il. (hereinafter referred to as CHURCH CREEK NURSING HOME) and was the owner and operator of an Illinois Nursing Home located at 1200 West Central Road, Arlington Heights Illinois, County of Cook and operated under the auspices of 210 ILCS 451/101 commonly known as the NURSING HOME CARE ACT and held themselves out to be capable of, through their duly authorized agents, servants and employees, possessing the minimal degree of skill necessary to perform the above function.

2. Further, at all times mentioned herein, SUNRISE SENIOR LIVING INC. a foreign corporation ( as heretofore described as being itself owned by M3 CAPITAL PARTNERS ) owned and operated an assigned living center commonly known as a SUNRISE NURSING HOME which did business under the assumed name of CHURCH CREEK NURSING HOME (hereinafter all parties are referred to as CHURCH CREEK

HEALTH CARE) and was an Illinois Nursing Home located at 1200 West Central Road, Arlington Heights Illinois, County of Cook and operated under the auspices of 210 ILCS 451/101 commonly known as the NURSING HOME CARE ACT and held themselves out to be capable of, through their duly authorized agents, servants and employees, to possess the minimal degree of skill necessary to perform the above functions.

3. That on or before April 30, 2007 the Plaintiff's Decedent, CONCETTA CANGELOSI, then a senior citizen over the age of 90 suffering from congestive heart failure, coronary artery disease, obesity, and osteoporosis, some incontinence, bowel difficulties including diarrhea and other disabilities placed herself into the in home care of the Defendant CHURCH CREEK NURSING HOME facility in Arlington Heights.

4. That at all times mentioned herein and specifically on or about April 30, 2007 it was the duty of the Defendants (referred to as CHURCH CREEK NURSING HOME) by and through it's various nurses, doctors, and home health care providers under both 210 ILCS 45/3-601 and common law to insure that no intentional or negligent acts of their agents or employees would cause injury to the Plaintiff's decedent.

5. That not withstanding the duty aforementioned, the Defendants by and through their agents and servants were guilty of one or more of the following acts of negligence or omission to wit:

   a. Carelessly and negligently failed to keep the side rails up on the Plaintiff's bed.

   b. Carelessly and negligently failed to monitor the patient from time to time when she was in bed.

  c. Carelessly and negligently failed to respond to the Plaintiff's decedent or assist the Plaintiff's decedent when she called for help.

  d. Carelessly and negligently failed to properly insure the position of the Plaintiff's decedent in bed to insure that she would not fall from the bed.

  e. Was otherwise careless and negligent in their care of Plaintiff's decedent in violation of 210 ILCS 45/3-601.

6. That as a direct and proximate result of one or more of the aforementioned acts of negligence or omissions, the Plaintiff's decedent fell out of her nursing home bed and fractured her leg and subsequently as a direct and proximate cause of the fractured leg died on or about July 30, 2007 a contributing cause of death being listed on the death certificate as the fractured leg.

7. That the decedent left surviving her two adult children, namely: PETER CANGELOSI and VINGENE CANGELOSI who as a result of the decedent's death have been and will be deprived of their mother's guidance, services and companionship and have each suffered from the grief as a result of their mother's death.

8. That the estate of the decedent has become liable to pay the funeral and burial and medical expenses relating to the treatment and subsequent death of decedent.

WHEREFORE, the Plaintiff, PETER CANGELOSI, as Special Administrator of the Estate of CONCETTA CANGELOSI Deceased prays for judgment against the Defendants M3 CAPITAL PARTNERS, a foreign Corporation, formerly d/b/a MACQUARIE CAPITAL PARTNERS, a foreign corporation, as partial successor to SUNRISE SENIOR LIVING INC. a foreign Corporation d/b/a SUNRISE NURSING HOMES a/k/a CHURCH CREEK NURSING HOME and SUNRISE SENIOR LIVING

1. That at all times hereinafter mentioned the Defendant M3 CAPITAL PARTNERS was a foreign corporation, licensed to and doing business in the State of Illinois, County of Cook operating and owning nursing homes and formerly known as MACQUARIE CAPITAL PARTNERS a foreign corporation which on or about May 2003 purchased 90% of the outstanding shares of SUNRISE ASSISTED LIVING INC. and SUNRISE SENIOR LIVING INC'S interest in 28 assisted living centers including, one of which, on information and belief, was commonly known under the assumed name as CHURCH CREEK NURSING HOME located at 1200 West Central Road, Arlington Heights Road, IL. (hereinafter all defendants are referred to as CHURCH CREEK NURSING HOME) and was the owner and operator of the Illinois Nursing Home located at 1200 West Central Road, Arlington Heights Illinois, County of Cook and operated under the auspices of 210 ILCS 451/101 the NURSING HOME CARE ACT and each Defendant held themselves out to be capable of, through their duly authorized agents, servants and employees, of possessing the minimal degree of skill necessary to perform the above function.

2. Further, at all times mentioned herein, SUNRISE SENIOR LIVING INC. a foreign corporation and SUNRISE ASSISTED LIVING INC. ( as heretofore described as being itself owned in part by M3 CAPITAL PARTNERS INC) owned and operated an assigned living center commonly known as a SUNRISE NURSING HOME which did business under the assumed name of CHURCH CREEK NURSING HOME (hereinafter all parties are referred to as CHURCH CREEK HEALTH CARE) and was an Illinois Nursing Home located at 1200 West Central Road, Arlington Heights Illinois, County of Cook and operated under the auspices of 210 ILCS 451/101 known as the NURSING HOME CARE ACT and held themselves out to be capable of,

INC. a foreign Corporation d/b/a SUNRISE NURSING HOMES a/k/a CHURCH CREEK NURSING HOME and each of them in excess of the minimal jurisdiction of this Court and for such other and just costs and compensation as this Court may consider fair.

## COUNT III

COMES NOW the Plaintiff, PETER CANGELOSI AS SPECIAL ADMINISTRATOR OF THE ESTATE OF CONCETTA CANGELOSI, DECEASED, by and through his attorneys, LEE PHILLIP FORMAN, LTD., and complaining of the Defendants, M3 CAPITAL PARTNERS, a foreign Corporation, formerly d/b/a MACQUARIE CAPITAL PARTNERS, a foreign corporation, in part successor to SUNRISE ASSISTED LIVING INC. a foreign Corporation and SUNRISE SENIOR LIVING INC. a foreign corporation both d/b/a SUNRISE NURSING HOMES a/k/a CHURCH CREEK NURSING HOME (a locally assumed name) and SUNRISE SENIOR LIVING INC. a foreign Corporation and SUNRISE ASSISTED LIVING Inc. both d/b/a SUNRISE NURSING HOMES a/k/a CHURCH CREEK NURSING HOME and states as follows:

1.-6. Plaintiff realleges and reaffirms Paragraph 1 through 6 of Count II as this paragraph 1 through 6 of Count III.

7. PETER CANGELOSI is the duly appointed Special Administrator of the Estate of CONCETTA CANGELOSI deceased and brings this cause of action on behalf of the Estate pursuant to the provisions of the Illinois Survival Act, 755 ILCS Sections 5/27-6 et seq.

8. As a direct and proximate result of the negligence of the defendants and each of them CONCETTA CANGELOSI suffered the following damages in her lifetime:

a. Pain and suffering

b. Medical expenses

c. Loss of the normal enjoyment of life

WHEREFORE, the Plaintiff, PETER CANGELOSI, as Special Administrator of the Estate of CONCETTA CANGELOSI deceased, prays for judgment against the defendants and each of them in an amount in excess of the minimal jurisdiction of this Court and for such other and just costs and compensation as this Court may consider fair.

LEE PHILLIP FORMAN LTD

BY: _____

LEE PHILLIP FORMAN LTD.
Attorney for Plaintiff
1301 W. 22nd Street
Oak Brook Illinois 60523
630 575 1040

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

(2-81) CCG-1

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

(Name all parties)

PETER CANGELOSI, as Special Administrator of the Estate of CONCETTA CANGELOSI, Deceased,

    Plaintiff(s),

V.

M3 CAPITAL PARTNERS, a foreign corporation, formerly d/b/a MACQUARIE CAPITAL PARTNERS, a foreign corporation, in part successor to SUNRISE ASSISTED LIVING INC., a foreign corporation both d/b/a SUNRISE NURSING HOMES a/k/a CHURCH CREEK NURSING HOME (a locally assumed name) and SUNRISE SENIOR LIVING INC. a foreign corporation and SUNRISE ASSISTED LIVING INC. both d/b/a SUNRISE NURSING HOMES a/k/a CHURCH CREEK NURSING HOME,

    Defendant(s).

No. 2007L010791
CALENDAR/ROOM X
TIME 00:00
PI Other

PLEASE SERVE:

SUNRISE SENIOR LIVING, INC.
7902 Westpark Drive
McLean, Virginia 22102

~~SUNRISE ASSISTED LIVING, INC.~~
~~7902 Westpark Drive~~
~~McLean, Virginia 22102~~

DUPLICATE ORIGINAL SUMMONS

To each defendant:

YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance in the office of the clerk of this court (located in the Richard J. Daley Center, Room * 801, Chicago, Illinois 60602), within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS .......... OCT 1 2 2007 .........., 20....

.........................................
Clerk of Court

| Atty No. | #23777 |
|---|---|
| Name | LEE PHILLIP FORMAN, LTD. |
| Attorney for | Plaintiff |
| Address | 1301 W. 22nd St., Suite 603 |
| City | Oak Brook, IL 60523 |
| Telephone | (630) 575-1040 |

Date of service: ........................, 20....
(To be inserted by officer on copy left with defendant or other person)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

*Law Division Room 801
Chancery-Divorce Division Room 802
County Division Room 801