IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KC **FILED**
NOV 16 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| PETER CANGELOSI, as Special Administrator of the Estate of CONCETTA CANGELOSI, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>M3 CAPITAL PARTNERS, a foreign corporation, formerly d/b/a MACQUARIE CAPITAL PARTNERS, a foreign corporation, in part successor to SUNRISE ASSISTED LIVING, INC., a foreign corporation both d/b/a SUNRISE NURSING HOMES a/k/a CHURCH CREEK NURSING HOME (a locally assumed name) and SUNRISE SENIOR LIVING, INC., a foreign corporation and SUNRISE ASSISTED LIVING INC., both d/b/a SUNRISE NURSING HOMES a/k/a CHURCH CREEK NURSING HOMES,<br><br>Defendants. | 07CV6500<br>JUDGE KENNELLY<br>MAGISTRATE JUDGE VALDEZ |

### ANSWER TO COMPLAINT

**NOW COME**, the Defendants, SUNRISE ASSISTED LIVING, INC., and SUNRISE SENIOR LIVING, INC., by and through their attorneys, PRETZEL & STOUFFER, CHARTERED, and for their answers to Plaintiff's Complaint at Law, state as follows:

### COUNT I

1. That at all times hereinafter mentioned the Defendant M3 CAPITAL PARTNERS was a foreign corporation, licensed to and doing business in the State of Illinois, County of Cook operating and owing nursing homes and formerly known as MACQUARIE CAPITAL PARTNERS a foreign corporation which on or about May 2003 purchased 90% of the outstanding shares of SUNRISE ASSISTED LIVING INC. and SUNRISE SENIOR LIVING INC.'S, interest in 28

assisted living centers including, one of which, on information and belief, was commonly known under the assumed name as CHURCH CREEK NURSING HOME located at 1200 West Central Road, Arlington Heights Road, Il. (hereinafter all defendants are referred to as CHURCH CREEK NURSING HOME) and was the owner and operator of the Illinois Nursing Home located at 1200 West Central Road, Arlington Heights, Illinois, County of Cook and operated under the auspices of 210 ILCS 451/101 the NURSING HOME CARE ACT and each Defendant held themselves out to be capable of, through their duly authorized agents, servants and employees, of possessing the minimal degree of skill necessary to perform the above function.

**ANSWER**: The Defendants, SUNRISE ASSISTED LIVING, INC., and SUNRISE SENIOR LIVING, INC., (hereinafter "Defendants"), lack knowledge of specified allegations in paragraph one, Count I.

2. Further, at all times mentioned herein, SUNRISE SENIOR LIVING INC., a foreign corporation and SUNRISE ASSISTED LIVING INC. (as heretofore described as being itself owned in part by M3 CAPITAL PARTNERS INC.) owned and operated an assigned living center commonly known as a SUNRISE NURSING HOME which did business under the assumed name of CHURCH CREEK NURSING HOME (hereinafter all parties are referred to as CHURCH CREEK HEALTH CARE) and was an Illinois Nursing Home located at 1200 West Central Road, Arlington Heights, Illinois, County of Cook and operated under the auspices of 210 ILCS 451/101 known as the NURSING HOME CARE ACT and held themselves out to be capable of, through their duly authorized agents, servants and employees, possessing the minimal degree of skill

necessary to perform the above functions.

**ANSWER**:  Defendants only admit that 210 ILCS 451/101 exists and deny each and every remaining allegation of paragraph two, Count I.

3.  That on or before February 5, 2007 the Plaintiff's Decedent, CONCETTA CANGELOSI, then a senior citizen over the age of 90 suffering from congestive heart failure, coronary artery disease, obesity, and osteoporosis, some incontinence, bowel difficulties including diarrhea and other disabilities placed herself in the in home care of the Defendant collectively known herein as CHURCH CREEK NURSING HOME a facility in Arlington Heights, County of Cook and State of Illinois.

**ANSWER**:  Defendants admit that CONCETTA CANGELOSI was a resident of CHURCH CREEK NURSING HOME on February 5, 2007, and deny all remaining allegations of paragraph three, Count I.

4.  That on or between November 6, 2006 and February 5, 2007 the Plaintiff's decedent did not have any active ongoing decubitus wounds on her backside but did have some small areas of redness.

**ANSWER**:  Defendants deny each and every allegation of paragraph four, Count I.

5. That by February 5, 2007 the Plaintiff's decedent developed a severe decubitus on her side which in time thereafter developed from a Stage I to a Stage IV decubitus which necessitated major medical care to attempt to cure her.

**ANSWER:** Defendants deny each and every allegation of paragraph five, Count I.

6. That on or about June 27, 2007 she was required to were braces on her feet which then and there served as an additional pressure causing pressure ulcers to form on her heels.

**ANSWER:** Defendants deny each and every allegation of paragraph six, Count I.

7. That at all times mentioned herein it was the duty of the Defendants (collectively referred to as CHURCH CREEK NURSING HOME) by and through it's various nurses, doctors, and home health care providers under both 210 ILCS 45/3-601 to insure that no intentional or negligent acts of their agents or employees would cause injury to Plaintiff's decedent.

**ANSWER:** Defendants only admit that 210 ILCS 45/3-601 exists and state affirmatively that they followed all duties, statutes, regulations, ordinances and obligations established by all applicable law. Defendants deny each and every remaining allegation of paragraph seven, Count I.

8. Further, under and pursuant to 42 C.F.R. Section 483.25 c the Defendant at all times herein owned a duty to the Plaintiff's decedent, to insure that the Plaintiff's decedent who was a resident at Defendant's facility in November 2006 without pressure sores did not develop pressure sores on her buttocks or heels and further owned a duty to insure that Plaintiff's decedent was given the necessary treatment and services to promote the healing and prevent infection and prevent new sores from developing from any apparent redness at the time of admission.

**ANSWER**: Defendants only admit that 42 C.F.R. Section 483.25 c exists and state affirmatively that they followed all duties, statutes, regulations, ordinances and obligations established by all applicable law. Defendants deny each and every remaining allegation of paragraph eight, Count I.

9. That notwithstanding the duties aforementioned, the Defendant by and through its agents and employees were guilty of one or more the aforementioned acts of negligence or omission: to wit:

    a. Carelessly and negligently failed to provide the Plaintiff's decedent with the necessary cushions, pads and mattresses necessary to prevent decubitus when they knew or should have known that the Plaintiff's decedent was incontinent and had diarrhea.

    b. Carelessly and negligently failed to turn the plaintiff's decedent or move her seated position every two hours consistent with 42 C.F.R. Section 483.

    c. Carelessly and negligently failed to notice pressure sore timely and treat them with good sound medical care to prevent them from becoming progressively worse.

    d. Carelessly and negligently failed to prevent Plaintiff's decedent from developing

            Decubitus lesions.

c.     Carelessly and negligently failed to prevent developing decubitus lesions from spreading or becoming worse.

f.     Carelessly and negligently failed to perform comprehensive assessments, skin assessments and medically review Plaintiff's decedent's decubitus problem.

g.     Was otherwise careless and negligent in the care and treatment of Plaintiff's decedent.

**ANSWER:**     Defendants only admit that 42 C.F.R. Section 483 exists and deny each and every remaining allegation of paragraph nine, (a-g) inclusive, of Count I.

10.     That as a direct and proximate result of one or more of the aforesaid unskillful and negligent acts of the defendant acting by and through their agents, and employees, the decedent's condition of ill-being became worse and as a result of which she suffered a crater like decubitus lesion on her backside and heels which required medical intervention to close and she did have conscious pain and suffering and did have a disability and a great disfigurement and was caused to expend certain amounts of money for medical, hospital and surgical care to be cured of her ills. Plaintiff's decedent was likewise caused to miss those activities such as visits with her family and friends during her illness.

**ANSWER:**     Defendants deny each and every allegation of paragraph ten, Count I.

11.     Plaintiff's Decedent died of other causes and therefore PETER CANGELOSI was duly appointed Special Administrator of the Estate of Concetta Cangelosi and brings this survival action within two years of the date of injury pursuant to 735 ILCS 5/13-209(a) as she leaves surviving her, two adult children, PETER and VINGENE.

**ANSWER:**     Defendants only admit that 735 ILCS 5/13-209(a) exists and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11, Count I.

**WHEREFORE**, the Defendants, SUNRISE SENIOR LIVING, INC., and SUNRISE ASSISTED LIVING, INC., state that the plaintiff is not entitled to judgment in any sum whatsoever and ask that this Honorable Court dismiss this cause with prejudice and costs.

## COUNT II

1.     That at all times hereinafter mentioned the Defendant M3 CAPITAL PARTNERS was a foreign corporation, licensed to and doing business in the State of Illinois, County of Cook and formerly known as MACQUARIE CAPITAL PARTNERS a foreign corporation which on or about May 2003 purchased 90% of the outstanding shares of SUNRISE SENIOR LIVING INC.'S interest in 28 assisted living centers including, one of which, on information and belief, was commonly known as CHURCH CREEK NURSING HOME at 1200 West Central Road, Arlington Heights Road, Il. (hereinafter referred to as CHURCH CREEK NURSING HOME) and was the owner and operator of an Illinois Nursing Home located at 1200 West Central Road, Arlington

Heights, Illinois, County of Cook and operated under the auspices of 210 ILCS 451/101 commonly known as the NURSING HOME CARE ACT and held themselves out to be capable of, through their duly authorized agents, servants and employees, of possessing the minimal degree of skill necessary to perform the above function.

**ANSWER**: The Defendants, SUNRISE ASSISTED LIVING, INC., and SUNRISE SENIOR LIVING, INC., (hereinafter "Defendants"), lack knowledge of specified allegations in paragraph one, Count II.

2. Further, at all times mentioned herein, SUNRISE SENIOR LIVING INC., a foreign corporation (as heretofore described as being itself owned by M3 CAPITAL PARTNERS) owned and operated an assigned living center commonly known as a SUNRISE NURSING HOME which did business under the assumed name of CHURCH CREEK NURSING HOME (hereinafter all parties are referred to as CHURCH CREEK HEALTH CARE) and was an Illinois Nursing Home located at 1200 West Central Road, Arlington Heights, Illinois, County of Cook and operated under the auspices of 210 ILCS 451/101 commonly known as the NURSING HOME CARE ACT and held themselves out to be capable of, through their duly authorized agents, servants and employees, possess the minimal degree of skill necessary to perform the above functions.

**ANSWER**: The Defendant, SUNRISE SENIOR LIVING INC., only admits that 210 ILCS 451/101 exists and denies each and every remaining allegation of paragraph 2, Count II.

3. That on or before April 30, 2007 the Plaintiff's Decedent, CONCETTA CANGELOSI, then a senior citizen over the age of 90 suffering from congestive heart failure, coronary artery disease, obesity, and osteoporosis, some incontinence, bowel difficulties including diarrhea and other disabilities placed herself into the in home care of the Defendant CHURCH CREEK NURSING HOME facility in Arlington Heights.

**ANSWER:** Defendants deny each and every allegation of paragraph 3, Count II.

4. That at all times mentioned herein and specifically on or about April 30, 2007 it was the duty of the Defendants (referred to as CHURCH CREEK NURSING HOME) by and through it's various nurse, doctors, and home health care providers under both 210 ILCS 45/3-601 and common law to insure that no intentional or negligent acts of their agents or employees would cause injury to the Plaintiff's decedent.

**ANSWER:** Defendants only admit that 210 ILCS 45/3-601 exists and state affirmatively that they followed all duties, statutes, regulations, ordinances and obligations established by all applicable law. Defendants deny each and every remaining allegation of paragraph four, Count II.

5. That not withstanding the duty aforementioned, the Defendants by and through their agents and servants were guilty of one or more of the following acts of negligence or omission to wit:

 a. Carelessly and negligently failed to keep the side rails up on the Plaintiff's bed.
 b. Carelessly and negligently failed to monitor the patient from time to time when she was in bed.
 c. Carelessly and negligently failed to respond to the Plaintiff's decedent or assist the Plaintiff's decedent when she called for help.

  d. Carelessly and negligently failed to properly insure the position of the Plaintiff's decedent in bed to insure that she would not fall from the bed.

  e. Was otherwise careless and negligent in their care of Plaintiff's decedent in violation of 210 ILCS 45/3-601.

**ANSWER**: Defendants only admit that 210 ILCS 45/3-601 exists and state affirmatively that they followed all duties, statutes, regulations, ordinances and obligations established by all applicable law. Defendants deny each and every remaining allegation of paragraph five, (a-e) inclusive, of Count II.

  6. That as a direct and proximate result of one or more of the aforementioned acts of negligence or omissions, the Plaintiff's decedent fell out of her nursing home bed and fractured her leg and subsequently as a direct and proximate cause of the fractured leg died on or about July 30, 2007 a contributing cause of death listed on the death certificate as the fractured leg.

**ANSWER**: Defendants deny each and every allegation of paragraph 6, Count II.

  7. That the decedent left surviving her two adult children, namely: PETER CANGELOSI and VINGENE CANGELOSI who as a result of the decedent's death have been and will be deprived of their mother's guidance, services and companionship and have each suffered from the grief as a result of their mother's death.

**ANSWER**: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph seven, Count II.

8. That the estate of the decedent has become liable to pay the funeral and burial and medical expenses relating to the treatment and subsequent death of decedent.

**ANSWER**: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph eight, Count II.

**WHEREFORE**, the Defendants, SUNRISE SENIOR LIVING, INC., and SUNRISE ASSISTED LIVING, INC., state that the plaintiff is not entitled to judgment in any sum whatsoever and ask that this Honorable Court dismiss this cause with prejudice and costs.

## COUNT III

1.-6. Plaintiff realleges and reaffirms Paragraph 1 through 6 Count II as this paragraph 1 6 of Count III.

**ANSWER**: Defendants incorporate and restate their answers from paragraphs 1 through 6 of Count II as their answers for paragraphs 1 through 6 of Count III.

7. PETER CANGELOSI is the duly appointed Special Administrator of the Estate of CONCETTA CANGELOSI decreased and brings this cause of action on behalf of the Estate pursuant to the provisions of the Illinois Survival Act, 755 ILCS Sections 5/27-6 et seq.

**ANSWER**: Defendants only admit that the Illinois Survival Act, 755 ILCS Sections 5/27-6 *et seq.*, exists.

8. As a direct and proximate result of the negligence of the defendants and each of them CONCETTA CANGELOSI suffered the following damages in her lifetime:

    a. Pain and suffering

    b. Medical expenses

    c. Loss of the normal enjoyment of life.

**ANSWER**: Defendants deny each and every allegation of paragraph eight, (a-c) inclusive, Count III.

**WHEREFORE**, the Defendants, SUNRISE SENIOR LIVING, INC., and SUNRISE ASSISTED LIVING, INC., state that the plaintiff is not entitled to judgment in any sum whatsoever and ask that this Honorable Court dismiss this cause with prejudice and costs.

Respectfully submitted,

By_____
Robert E. Sidkey

PRETZEL & STOUFFER, CHARTERED
One S. Wacker Drive
Suite 2500
Chicago, IL 60606
Telephone: (312) 578-7489
Fax: (312) 346-8242
rsidkey@pretzel-stouffer.com
*Attorney for Defendants*