IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PETER CANGELOSI, as Special )
Administrator of the Estate of )
CONCETTA CANGELOSI, Deceased, )
)
Plaintiff, )
) Case Number: 1:07-cv-6500
)
) Judge Kennelly
) Magistrate Judge Valdez
v. )
)
SUNRISE SENIOR LIVING, INC., a )
foreign corporation and SUNRISE ASSISTED )
LIVING INC., both d/b/a SUNRISE NURSING )
HOMES a/k/a CHURCH CREEK NURSING )
HOMES, )
)
Defendants. )

## DEFENDANT'S RESPONSE TO SHOW CAUSE

**NOW COME** the Defendants, SUNRISE SENIOR LIVING, INC., AND SUNRISE

ASSISTED LIVING, INC., and impending Defendants, SUNRISE SENIOR LIVING SERVICES,

INC., and SUNRISE CONTINUING CARE, LLC., by and through their attorneys, PRETZEL &

STOUFFER, CHARTERED, and in their Response To Show Cause, so state the following:

Defendants SUNRISE SENIOR LIVING, INC., and SUNRISE ASSISTED LIVING, INC.,

timely removed this case to federal court in compliance with the 30 days allotted by 28 USC §

1446(b). In the original action, Plaintiff had improperly joined three defendants, who had no

involvement in the care and treatment of Ms. Cangelosi. Plaintiff named as defendants 3M Capital

Partners, LLC, Sunrise Senior Living, Inc., and Sunrise Assisted Living Inc.

The proper defendants in this suit are Sunrise Senior Living Services, Inc., and Sunrise Continuing Care, LLC. Sunrise Senior Living Services, Inc., was the manager of Church Creek Nursing Home, the facility at which Ms. Cangelosi was a resident. As the manager, Sunrise Senior Living Services, Inc., was the employer for all those providing care to Ms. Cangelosi. Sunrise Continuing Care, LLC, was the licensee at Church Creek Nursing Home.

Plaintiff has acknowledged his error, as he already filed a notice of voluntary dismissal with regard to M3 Capital Partners, LLC, on November 29, 2007. (*See* Plaintiff's Notice of Voluntary Dismissal With Prejudice, attached as *Exhibit A*). Plaintiff has also agreed to voluntarily dismiss the remaining nominal, non-involved defendants and amend his complaint to add the proper parties. Plaintiff provided these defendants a copy of his proposed pleadings. (*See* Defendant's letter dated November 20, 2007, attached as *Exhibit B*, Plaintiff's email correspondence, dated November 21, 2007, attached as *Exhibit C*, Plaintiff's proposed Notice of Voluntary Dismissal, attached as *Exhibit D*, and Plaintiff's proposed Amended Complaint, attached as *Exhibit E*).

With this voluntary dismissal, there is complete diversity and removal was proper. The plaintiff is a citizen of Illinois. The defendant, Sunrise Senior Living Services, Inc., was incorporated in Delaware and has its principal place of business in Virginia. The defendant, Sunrise Continuing Care, LLC, is a Delaware LLC, and its sole member is Sunrise Senior Living Services, Inc., which is incorporated in Delaware and has its principal place of business in Virginia.

At the time of removal, Defendants had no information to suggest that M3 Capital Partners, LLC, would defeat diversity. Since this case exceeds the jurisdictional minimum, M3 Capital Partners, LLC, was improperly joined and the proper parties that will be litigating the substantive

issues in this case are completely diverse, the removal was proper.

Respectfully submitted,


/s/    Robert E. Sidkey
PRETZEL & STOUFFER, CHARTERED
One S. Wacker Drive
Suite 2500
Chicago, IL 60606
Telephone:     (312) 578-7489
Fax:              (312) 346-8242
RSidkey@pretzel-stouffer.com
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

A copy of the **Defendant's Response to Show Cause** was filed electronically this **4th day of December,** 2007.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the court's electronic system.


**ATTORNEY FOR PLAINTIFF**
Lee P. Forman, Esq.
Lee Phillip Forman, Ltd.
1301 West 22nd Street
Suite 603
Oak Brook, IL 60523
PH: (630) 575-1040
FX: (630) 572-9763
lee4man@sbcglobal.net


 s/Robert E. Sidkey
Robert E. Sidkey (Illinois Bar No. 6271444)
Pretzel & Stouffer, Chartered
One South Wacker Drive-Suite 2500
Chicago, Illinois 60606
Telephone: (312) 578-7489
Fax: (312) 346-8242
E-Mail: rsideky@pretzel-stouffer.com
Attorneys for Defendant

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| PETER CANGELOSI as Special | ) | |
| Administrator of the Estate of CONCETTA CANGELOSI | ) | |
| Deceased | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | |
| M3 CAPITAL PARTNERS, a foreign Corporation, | ) | Case No:  07 CV 6500 |
| formerly d/b/a MACQUARIE CAPITAL PARTNERS, a | ) | JUDGE KENELLY |
| foreign corporation | ) | MAGISTRATE JUDGE |
| | ) | VALDEZ |

## NOTICE OF VOLUNTARY DISMISSAL WITH PREJUDICE PURSUANT TO RULE 41 (a) (1)

COMES NOW the Plaintiff, PETER CANGELOSI AS SPECIAL ADMINISTRATOR

OF THE ESTATE OF CONCETTA CANGELOSI, DECEASED, by and through his

attorney, LEE PHILLIP FORMAN, LTD., gives notice of a voluntary dismissal with

prejudice pursuant to RULE 41(a)(1) of the  Federal Rules of Civil Procedure and

voluntarily dismisses with prejudice Defendant M3 CAPITAL PARTNERS and states as

follows:

1.    M3 Capital Partners was added in error, and plaintiff will move to amend the

complaint to add the proper party Defendants.


                        LEE PHILLIP FORMAN LTD

                        BY:_____ "S/"_____

LEE PHILLIP FORMAN LTD.
Attorney for Plaintiff
1301 W. 22nd Street
Oak Brook Illinois 60523
630 575 1040


EXHIBIT
A

## CERTIFICATE OF SERVICE

The undersigned LEE PHILLIP FORMAN, an attorney on oath affirms that all parties listed beneath have been provided a copy of PLAINTIFF'S NOTICE OF VOLUNTARY DIMISSAL, by consigning for deliver by deposition in the U.S. Mail at 1301 W. 22nd Street Oak Brook Illinois 60523 and by facsimile

_____

Dated: _____

PRETZEL & STOUFFER, CHARTERED
Robert Sidkey
One S. Wacker Drive Suite 2500
Chicago Illinois
312 346 8242

WINSTON & STRAWN LLP
Mr. Dane Drobny
35 W. Wacker Dr.
Chicago, IL  60601
312 558 5700

# EXHIBIT B

Neil K. Quinn
Edward H. Nielsen
Robert Marc Chemers
Lewis M. Schneider
Timothy A. Weaver
Richard M. Waris
Brian T. Henry
Edward B. Ruff III
John J. Walsh III
John V. Smith II
Alan J. Schumacher
Charles F. Redden
Stephen C. Veltman
Matthew J. Egan
Daniel B. Mills
Brian C. Rocca
Donald J. O'Meara, Jr.
David M. Bennett
Miguel A. Ruiz
Michael A. Clarke
James A. LaBarge
Patrick F. Healy
Scott L. Howie
Steven W. Ryan
D. Scott Rendleman
Suzanne M. Crowley
James J. Sipchen
Brian C. Sundheim
Christine J. Iversen
David S.Osborne
Howard J. Pikel
Amy J. Thompson
Belle L. Katubig
Brendan J. Nelligan
Michael P. Turiello
Alan S. Zelkowitz

Richard J. Siebert
Matthew J. Ligda
Rick Kenyon
Marcie L. Hefler
William W. Elinski
Rena A. Ballard
Darryl L. Awick
Kim Mathers Hefferman
Thomas A. Lang II
Priya K. Jesani
Scott L. Anderson
Edward J. Aucoin, Jr.
Kathryn A. Smetana
Robert E. Sidkey
Christopher C. Cassidy
Caitlin M. O'Connor
Cynthia H. Alkhouja
John J. Beribak
Brendan M. Burns
Lisa M. Moore
Thomas J. Olson
John C. Pirra
Matthew F. Tibble
Mary H. Cronin
Jennifer L. Hoyt
Maura C. Furey
James M. McAskin
Heather E. Plunkett
Sara J. Boyd
Crystal Y. Lee
Sarah E. Dale
Paul A. Ruscheinski
Amit R. Trivedi
Jesse P. Hyde
Natalia M. Delgado
Thomas E. Daugherty

of Counsel
Ralph E. Stouffer, Jr.
Paula M. Besler

LAW OFFICES

# *PRETZEL & STOUFFER* Chartered

ONE SOUTH WACKER DRIVE • SUITE 2500 • CHICAGO, ILLINOIS 60606-4673 • 312-346-1973

FAX NUMBER 312-346-8242

www.pretzel-stouffer.com

November 20, 2007

AUTHOR'S DIRECT DIAL                    PLEASE REFER TO OUR FILE NUMBER

(312) 578-7489

Rsidkey@pretzel-stouffer.com

**VIA FACSIMILE (630) 572-9763**

Lee P. Forman, Esq.

Lee Phillip Forman, Ltd.

1301 West 22nd Street, Suite 603

Oak Brook, IL 60523

      Re:    *Cangelosi v. Sunrise, et al.*

Dear Mr. Forman:

      In furtherance of our conversation, you have agreed to voluntarily dismiss the following defendants: M 3 Capital Partners, LLC, Sunrise Assisted Living, Inc. and Sunrise Senior Living, Inc. As I informed you, none of these defendants had any involvement in the care and treatment of Ms. Cangelosi. The only two entities that should be named as Defendants are Sunrise Senior Living Services, Inc. and Sunrise Continuing Care, LLC. Sunrise Senior Living Services, Inc. was the manager of the facility and the employer for all those providing care to Ms. Cangelosi. Sunrise Continuing Care, LLC was the licensee and the tenant. You may send us a waiver for service of process, and I will ask my client for permission to waive.

      If you have any questions or comments, please do not hesitate to call me.

      Respectfully,

      PRETZEL & STOUFFER, CHARTERED

      By: _____

            Robert E. Sidkey

RES/cjs

N:\wpdata\DMills\0263-Sunrise\Cangelosi\correspondence\Pltf-01.wpd



EXHIBIT

B

# EXHIBIT C

**Daugherty, Thomas E.**

| | |
|---|---|
| **From:** | LEE FORMAN [lee4man@sbcglobal.net] |
| **Sent:** | Wednesday, November 21, 2007 10:25 AM |
| **To:** | Sidkey, Robert E.; ddrobny@winston.com |
| **Subject:** | Cangelosi v Sunrise-M3 Partners |

Dear Mr. Sidkey, Mr. Drobny:   I am in receipt of both of your communications on the above cause of action.  I have prepared an amended complaint and motion asking for a dismissal of M3 Capital Partners and all entities entitled "Sunrise" in the complaint and adding those parties disclosed by Mr.Sidkey in his communication. Although I am set up for electronic filing I will most likely set the motion up manually and give both electronic and mail notice of setting before Judge Kennelly in room 2103.  This should occur during the first few weeks of December and I will accept Mr. Sidkey's offer to appear for the defendants so named without the necessity of service. I will prepare a 26 (a) 1 discovery communication and demand letter pursuant to Court order within the next 21 days and would gladly extend an offer to "federal mediation" before extensive discovery is needed. In order to facilitate discovery, I will be duplicating all medical records we have in our possession, all expert opinions, and a list of all possible witnesses in our 26 (a) 1 communication.  I anticipate an order setting this for discovery status within a few days. I have labeled my motion as an "agreed order" dismissing the above parties and adding "Sunrise" as correctly portrayed by Sidkey. If either of you have any objections to any of the contents of this communication please respond immediately...Lee Phillip Forman



# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

PETER CANGELOSI as Special                              )
Administrator of the Estate of CONCETTA CANGELOSI )
 Deceased                                               )
               Plaintiff,                       )
                                                        )
       Vs.                                               )
M3 CAPITAL PARTNERS, a foreign Corporation,             )   Case No:  07 CV 6500
formerly d/b/a MACQUARIE CAPITAL PARTNERS, a            )   JUDGE KENELLY
foreign corporation, in part successor to SUNRISE       )   MAGISTRATE JUDGE
ASSISTED LIVING INC. a foreign Corporation              )   VALDEZ
and SUNRISE SENIOR LIVING INC. a foreign                )
Corporation both d/b/a SUNRISE NURSING HOMES            )
a/k/a CHURCH CREEK NURSING HOME (a locally              )
assumed name) and SUNRISE SENIOR LIVING INC.            )
a foreign Corporation and SUNRISE ASSISTED              )
LIVING Inc. both d/b/a SUNRISE NURSING HOMES            )
a/k/a CHURCH CREEK NURSING HOME                         )

**NOTICE OF VOLUNTARY DISMISSAL PURSUANT TO RULE 41 (a) (1) AND
MOTION FOR LEAVE TO FILE AMENDED COMPLAINT WITH SUMMONS
TO ISSUE**

COMES NOW the Plaintiff, PETER CANGELOSI AS SPECIAL ADMINISTRATOR

OF THE ESTATE OF CONCETTA CANGELOSI, DECEASED, by and through his

attorney, LEE PHILLIP FORMAN, LTD., gives notice of a voluntary dismissal pursuant

to RULE 41 (a) (1) of the  Federal Rules of Civil Procedure and moves to voluntarily

dismiss the remaining defendants, SUNRISE SENIOR LIVING INC. a foreign

corporation both d/b/a SUNRISE NURSING HOMES a/k/a CHURCH CREEK

NURSING HOME (a locally assumed name) and SUNRISE SENIOR LIVING INC. a

foreign Corporation and SUNRISE ASSISTED LIVING Inc. both d/b/a SUNRISE

NURSING HOMES  a/k/a CHURCH CREEK NURSING HOME  and for further leave

to file an AMENDED COMPLAINT as attached adding the proper parties defendants,



SUNRISE SENIOR LIVING SERVICES INC, a Delaware Corporation d/b/a CHURCH CREEK NURSHING HOME and SUNRISE CONTINUING CARE L.L.C Licensee of DCHURCH CREEK NURSING HOME and for grounds states as follows:

1.  That the parties in the complaint file were added in error after research, which was faulty resulted in the complaint being filed.

2.  That the true Defendants, SUNRISE SENIOR LIVING SERVICES INC, a Delaware Corporation d/b/a CHURCH CREEK NURSHING HOME and SUNRISE CONTINUING CARE L.L.C Licensee of CHURCH CREEK NURSING HOME have retained PRETZEL & STOUFFER, CHARTERED and have appeared for the parties to be dismissed and have disclosed the proper names of the party defendants.

WHEREFORE, Plaintiff moves this honorable Court for an order voluntarily dismissing SUNRISE SENIOR LIVING INC. a foreign corporation both d/b/a SUNRISE NURSING HOMES a/k/a CHURCH CREEK NURSING HOME (a locally assumed name) and SUNRISE SENIOR LIVING INC. a foreign Corporation and SUNRISE ASSISTED LIVING Inc. both d/b/a SUNRISE NURSING HOMES  a/k/a CHURCH CREEK NURSING HOME named in error and grant leave to Plaintiff to file instanter an AMENDED COMPLAINT, adding the true parties Defendants SUNRISE SENIOR LIVING SERVICES INC, a Delaware Corporation d/b/a CHURCH CREEK NURSHING HOME and SUNRISE CONTINUING CARE L.L.C Licensee of DCHURCH CREEK NURSING HOME with summons to issue.

LEE PHILLIP FORMAN LTD

BY:_____ "s/"_____

LEE PHILLIP FORMAN LTD.
Attorney for Plaintiff
1301 W. 22nd Street
Oak Brook Illinois 60523
630 575 1040

## CERTIFICATE OF SERVICE

     The undersigned LEE PHILLIP FORMAN, an attorney on oath affirms that all parties listed beneath have been provided a copy of PLAINTIFF'S NOTICE OF VOLUNTARY DIMISSAL AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT , by consigning for deliver by Deposition in the U.S. Mail at 1301 W. 22nd Street Oak Brook Illinois 60523 and by facsimile

_____

Dated: _____

To:    PRETZEL & STOUFFER, CHARTERED
       Robert Sidkey
       One S. Wacker Drive Suite 2500
       Chicago Illinois
       312 346 8242

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PETER CANGELOSI as Special )
Administrator of the Estate of CONCETTA CANGELOSI )
 Deceased )
     Plaintiff, )
     )
  Vs. )
    ) Case No: 07 CV 6500
SUNRISE SENIOR LIVING SERVICES INC, a )  JUDGE KENNELLY
Delaware Corporation d/b/a CHURCH CREEK )  MAGISTRATE
NURSING HOME and SUNRISE CONTINUING CARE )  JUDGE VALDEZ
L.L.C. Licensee of CHURCH CREEK NURSING HOME )

## AMENDED COMPLAINT AT LAW

### COUNT I

COMES NOW the Plaintiff, PETER CANGELOSI AS SPECIAL ADMINISTRATOR

OF THE ESTATE OF CONCETTA CANGELOSI, DECEASED, by and through his

attorney, LEE PHILLIP FORMAN, LTD., and complaining of the Defendants,

SUNRISE SENIOR LIVING SERVICES INC, a Delaware Corporation d/b/a CHURCH

CREEK NURSING HOME and SUNRISE CONTINUING CARE L.L.C. Licensee of

CHURCH CREEK NURSING HOME states as follows:

1.  That on and before February 5, 2007 and at all times hereinafter mentioned

   the Defendant SUNRISE SENIOR LIVING SERVICES INC was a foreign

   corporation, licensed to and doing business in the State of Illinois, County of

   Cook operating and owning nursing homes and was commonly known under

   the assumed name as CHURCH CREEK NURSING HOME located at 1200

   West Central Road, Arlington Heights Road, Il. (hereinafter all defendants are

   referred to as CHURCH CREEK NURSING HOME) and was the operator

   manager and employer of those who work at a facility known as a Nursing



Home located at 1200 West Central Road, Arlington Heights Illinois, County of Cook and operated under the auspices of 210 ILCS 451/101 the NURSING HOME CARE ACT and held themselves out to be capable of, through their duly authorized agents, servants and employees, of possessing the minimal degree of skill necessary to perform the above function.

2.      Further, at all times mentioned herein, SUNRISE CONTINUING CARE L.L.C was the licensee of an assigned living center commonly known as a CHURCH CREEK NURSING HOME (hereinafter all parties are referred to as CHURCH CREEK HEALTH CARE) and was an Illinois Nursing Home located at 1200 West Central Road, Arlington Heights Illinois, County of Cook and operated under the auspices of 210 ILCS 451/101 known as the NURSING HOME CARE ACT and held themselves out to be capable of, through their duly authorized agents, servants and employees, possessing the minimal degree of skill necessary to perform the above functions.

3.      That on or before February 5, 2007 the Plaintiff's Decedent, CONCETTA CANGELOSI , then a senior citizen over the age of 90 suffering from congestive heart failure, coronary artery disease, obesity, and osteoporosis, some incontinence, bowel difficulties including diarrhea and other disabilities placed herself into the in home care of the Defendants collectively known herein as CHURCH CREEK NURSING HOME a facility in Arlington Heights Count of Cook and State of Illinois.

4.      That on or between November 6, 2006 and February 5, 2007 the Plaintiff's decedent did not have any active ongoing decubitus wounds on her backside but did have some small areas of redness.

5.      That by February 5, 2007 the Plaintiff's decedent developed a severe decubitus on her back side which in time thereafter developed from a Stage 1

to a Stage IV decubitus which necessitated major medical care to attempt to cure her.

6.    That on or about June 27, 2007 she was required to wear braces on her feet which then and there served as an additional pressure causing pressure ulcers to form on her heels.

7.    That at all times mentioned herein it was the duty of the Defendants (collectively referred to as CHURCH CREEK NURSING HOME) by and through it's various nurses, doctors, and home health care providers under both 210 ILCS 45/3-601 to insure that no intentional or negligent acts of their agents or employees would cause injury to the Plaintiff's decedent.

8.    Further, under and pursuant to 42 C.F.R. Section 483.25 © the Defendant at all times herein owed a duty to the Plaintiff's decedent, to insure that the Plaintiff's decedent who was a resident at Defendant's facility in November 2006 without pressure sores did not develop pressure sores on her buttocks or heels and further owed a duty to insure that Plaintiff's decedent was given the necessary treatment and services to promote the healing and prevent infection and prevent new sores from developing from any apparent redness at the time of admission.

9.    That notwithstanding the duties aforementioned, the Defendant by and through its agents and employees were guilty of one or more the aforementioned acts of negligence or omission: to wit:

   a.    Carelessly and negligently failed to provide the Plaintiff's decedent with the necessary cushions, pads and mattresses necessary to prevent decubitus when they knew or should have known that the Plaintiff's decedent was incontinent and had diarrhea.

   b.    Carelessly and negligently failed to turn the plaintiff's decedent or move her seated position every two hours consistent with 42 C.F.R. Section 483

c.   Carelessly and negligently failed to notice pressure sores timely and treat them with good sound medical care to prevent them from becoming progressively worse.

d.   Carelessly and negligently failed to prevent Plaintiff's decedent from developing Decubitus lesions.

e.   Carelessly and negligently failed to prevent developing decubitus lesions from spreading or becoming worse.

f.   Carelessly and negligently failed to perform comprehensive assessments, skin assessments and medically review Plaintiff's decedent's decubitus problem.

g.   Was otherwise careless and negligent in the care and treatment of Plaintiff's decedent.

10.   That as a direct and proximate result of one or more of the aforesaid unskillful and negligent acts of the defendant  acting by and through their agents, and employees, the decedent's condition of ill-being became worse and as a result of which she suffered a crater like decubitus lesion on her backside and heels which required medical intervention to close and she did have conscious pain and suffering and did have a disability and a great disfigurement and was caused to expend certain amounts of money for medical, hospital and surgical care to be cured of her ills.  Plaintiff's decedent was likewise caused to miss those activities such as visits with her family and friends during her illness.

11.   Plaintiff's Decedent died of other causes and therefore PETER CANGELOSI was duly appointed Special Administrator of the Estate of Concetta Cangelosi and brings this survival action within two years of the date of injury pursuant to 735 ILCS 5/13-209 (a) as she leaves surviving her, two adult children, PETER and VINGENE.

WHEREFORE, Plaintiff, PETER CANGELOSI, Special Administrator for the Estate of CONCETTA CANGELOSI deceased, prays for judgment against the Defendants SUNRISE SENIOR LIVING SERVICES INC, a Delaware Corporation d/b/a CHURCH

CREEK NURSING HOME and SUNRISE CONTINUING CARE L.L.C. Licensee of

CHURCH CREEK NURSING HOME in an amount in excess of the minimal

jurisdictional limits in this court and for such other and just compensation as this court

may deem equitable plus interest and costs of this suit.

COUNT II

COMES NOW the Plaintiff, PETER CANGELOSI AS SPECIAL

ADMINISTRATOR OF THE ESTATE OF CONCETTA CANGELOSI, DECEASED,

by and through his attorney, LEE PHILLIP FORMAN, LTD., and complaining of the

Defendants, SUNRISE SENIOR LIVING SERVICES INC, a Delaware Corporation

d/b/a CHURCH CREEK NURSING HOME and SUNRISE CONTINUING CARE

L.L.C. Licensee of CHURCH CREEK NURSING HOME and states as follows:

1.    That on and before April 30, 2007 and at all times hereinafter mentioned the

Defendant SUNRISE SENIOR LIVING SERVICES INC was a foreign corporation,

licensed to and doing business in the State of Illinois, County of Cook operating and

owning nursing homes and was commonly known under the assumed name as CHURCH

CREEK NURSING HOME located at 1200 West Central Road, Arlington Heights Road,

Il. (hereinafter all defendants are referred to as CHURCH CREEK NURSING HOME)

and was the operator  manager and employer of those who work at a facility known as a

Nursing Home located at 1200 West Central Road, Arlington Heights Illinois, County of

Cook and operated under the auspices of 210 ILCS 451/101 the NURSING HOME

CARE ACT and held themselves out to be capable of, through their duly authorized

agents, servants and employees, of possessing the minimal degree of skill necessary to

perform the above function.

2.      Further, at all times mentioned herein, SUNRISE CONTINUING CARE L.L.C

was the licensee of an assigned living center commonly known as a CHURCH CREEK

NURSING HOME (hereinafter all parties are referred to as CHURCH CREEK HEALTH

CARE) and was an Illinois Nursing Home located at 1200 West Central Road, Arlington

Heights Illinois, County of Cook and operated under the auspices of 210 ILCS 451/101

known as the NURSING HOME CARE ACT and held themselves out to be capable of,

through their duly authorized agents, servants and employees, possessing the minimal

degree of skill necessary to perform the above functions.

3.      That on or before April 30, 2007 the Plaintiff's Decedent, CONCETTA

CANGELOSI , then a senior citizen over the age of 90 suffering from congestive heart

failure, coronary artery disease, obesity, and osteoporosis, some incontinence, bowel

difficulties including diarrhea  and other disabilities placed herself into the in home care

of the Defendant CHURCH CREEK NURSING HOME facility in Arlington Heights.

4.      That at all times mentioned herein and specifically on or about April 30, 2007 it

was the duty of the Defendants (referred to as CHURCH CREEK NURSING HOME) by

and through it's various nurses, doctors, and home health care providers under both 210

ILCS 45/3-601 and common law to insure that no intentional or negligent acts of their

agents or employees would cause injury to the Plaintiff's decedent.

5.      That not withstanding the duty aforementioned, the Defendants by and through

their agents and servants were guilty of one or more of the following acts of negligence

or omission to wit:

   a.  Carelessly and negligently failed to keep the side rails up on the Plaintiff's

     bed.

b.    Carelessly and negligently failed to monitor the patient from time to time when she was in bed.

c.    Carelessly and negligently failed to respond to the Plaintiff's decedent or assist the Plaintiff's decedent when she called for help.

d.    Carelessly and negligently failed to properly insure the position of the Plaintiff's decedent in bed to insure that she would not fall from the bed.

e.    Was otherwise careless and negligent in their care of Plaintiff's decedent in violation of 210 ILCS 45/3-601.

6.    That as a direct and proximate result of one or more of the aforementioned acts of negligence or omissions, the Plaintiff's decedent fell out of her nursing home bed and fractured her leg and subsequently as a direct and proximate cause of the fractured leg died on or about July 30, 2007 a contributing cause of death being listed on the death certificate as the fractured leg.

7.    That the decedent left surviving her two adult children, namely: PETER CANGELOSI and VINGENE CANGELOSI who as a result of the decedent's death have been and will be deprived of their mother's guidance, services and companionship and have each suffered from the grief as a result of their mother's death.

8.    That the estate of the decedent has become liable to pay the funeral and burial and medical expenses relating to the treatment and subsequent death of decedent.


WHEREFORE, the Plaintiff, PETER CANGELOSI, as Special Administrator of the Estate of CONCETTA CANGELOSI Deceased prays for judgment against the Defendants SUNRISE SENIOR LIVING SERVICES INC, a Delaware Corporation d/b/a

CHURCH CREEK NURSING HOME and SUNRISE CONTINUING CARE L.L.C.

Licensee of CHURCH CREEK NURSING HOME and each of them in excess of the

minimal jurisdiction of this Court and for such other and just costs and compensation as

this Court may consider fair.

## COUNT III

COMES NOW the Plaintiff, PETER CANGELOSI AS SPECIAL ADMINISTRATOR

OF THE ESTATE OF CONCETTA CANGELOSI, DECEASED, by and through his

attorneys, LEE PHILLIP FORMAN, LTD., and complaining of the Defendants,

SUNRISE SENIOR LIVING SERVICES INC, a Delaware Corporation d/b/a CHURCH

CREEK NURSING HOME and SUNRISE CONTINUING CARE L.L.C. Licensee of

CHURCH CREEK NURSING HOME and states as follows:

1.-6.    Plaintiff realleges and reaffirms Paragraph I through 6 of Count II as this

paragraph 1 through 6 of Count III.

7.    PETER CANGELOSI is the duly appointed Special Administrator of the Estate of

CONCETTA CANGELOSI deceased and brings this cause of action on behalf of the

Estate pursuant to the provisions of the Illinois Survival Act, 755 ILCS Sections 5/27-6 et

seq.

8.    As a direct and proximate result of the negligence of the defendants and each of

them CONCETTA CANGELOSI suffered the following damages in her lifetime:

      a.    Pain and suffering

      b.    Medical expenses

      c.    Loss of the normal enjoyment of life

WHEREFORE, the Plaintiff, PETER CANGELOSI, as Special Administrator of the

Estate of CONCETTA CANGELOSI deceased, prays for judgment against the

defendants SUNRISE SENIOR LIVING SERVICES INC, a Delaware Corporation d/b/a

CHURCH CREEK NURSING HOME and SUNRISE CONTINUING CARE       L.L.C.

Licensee of CHURCH CREEK NURSING HOME and each of them in an amount in

excess of the minimal jurisdiction of this Court and for such other and just costs and

compensation as this Court may consider fair.


                                        LEE PHILLIP FORMAN LTD
                                        _____

                                        BY:_____s/s Lee Forman

LEE PHILLIP FORMAN LTD.
Attorney for Plaintiff
1301 W. 22nd Street
Oak Brook Illinois 60523
630 575 1040
0848883